U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2024 AUG 14 PM 3:51

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:24-cv-897 |
| VORSTEVELD FARM, LLP, HANS VORSTEVELD, GERARD VORSTEVELD, and RUDOLPH VORSTEVELD, | ) |
| | ) **COMPLAINT** |
| Defendants. | ) |

Plaintiff United States of America, through its undersigned attorneys, by the authority of the Attorney General of the United States, and at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under sections 309(b) and 309(d) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319(b) and 1319(d), to obtain injunctive relief and civil penalties against Vorsteveld Farm, LLP, Hans Vorsteveld, Gerard Vorsteveld, and Rudolph Vorsteveld ("Defendants") for violations of section 301 of the CWA, 33 U.S.C. § 1311. Specifically, the Defendants discharged pollutants to jurisdictional wetlands and other waters of the United States without authorization by the United States Department of the Army Corps of Engineers ("Corps") on property located at 2066 Arnold Bay Road in Panton, Vermont ("Site").

2. In this action, the United States seeks: (1) to enjoin the discharge of pollutants to waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require the Defendants, pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), at their own expense and at the direction of EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require the Defendants to pay civil penalties as provided in CWA section 309(d), 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the claims in this case pursuant to CWA sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the District of Vermont pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), 28 U.S.C. §§ 1391(b) and 1391(c), and 28 U.S.C. § 1395, because the Defendants conduct business in this District, the subject property is located in this District, the violations alleged herein occurred in this District, and the civil penalty sought by the United States accrued in this District.

## NOTICE

5. Notice of the commencement of this action has been given to the State of Vermont pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. The Plaintiff in this case is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and is exercised in accordance with CWA sections 309(b), 309(d) and 506, 33 U.S.C. §§ 1319(b), 1319(d), and 1366.

7. Defendant Vorsteveld Farm, LLP is a limited liability partnership organized in the State of Vermont. At all times relevant to this Complaint, Vorsteveld Farm, LLP has been the owner and operator of the Site.

8. Defendant Hans Vorsteveld is a private individual residing at 1341 Arnold Bay Road in Panton, Vermont. Hans Vorsteveld is a principal in Vorsteveld Farm, LLP. The United States brings this case against Hans Vorsteveld in his capacity as a principal of Vorsteveld Farm, LLP and his individual capacity and on the basis of his responsibility for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material to waters of the United States on the Site.

9. Defendant Gerard Vorsteveld is a private individual residing at 4530 Jersey Street in Panton, Vermont. Gerard Vorsteveld is a principal in Vorsteveld Farm, LLP. The United States brings this case against Gerard Vorsteveld in his capacity as a principal of Vorsteveld Farm, LLP and his individual capacity and on the basis of his responsibility for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material to waters of the United States on the Site.

10. Defendant Rudolph Vorsteveld is a private individual residing at 3905 Jersey Street in Panton, Vermont. Rudolph Vorsteveld is a principal in Vorsteveld Farm, LLP. The United States brings this action against Rudolph Vorsteveld in his capacity as a principal of Vorsteveld Farm, LLP and his individual capacity and on the basis of his responsibility for and/or control over the performance of work resulting in the unpermitted discharge of dredged and/or fill material to waters of the United States on the Site.

11. At all times relevant to this Complaint, one or more of the Defendants owned, leased, or otherwise controlled and operated the Site and performed, controlled and/or directed the activities relevant to this Complaint that occurred at the Site.

## STATUTORY AND REGULATORY BACKGROUND

### A.   Clean Water Act Section 301

12. Section 301(a) of the CWA, 33 U.S.C. §§ 1311(a), prohibits the discharge of pollutants, including dredged and fill material, to navigable waters except in compliance with, *inter alia*, a permit issued by the Corps pursuant to CWA section 404, 33 U.S.C. § 1344.

13. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Corps, to issue permits for the discharge of dredged or fill material to navigable waters at specified disposal sites, after notice and opportunity for public comment.

14. "Discharge of a pollutant" means, among other things, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

15. "Pollutant" means, among other things, dredged spoil, rock, and sand. 33 U.S.C. § 1362(6).

16. "Navigable waters" means "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

17. "Point source" means, among other things, "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

18. For purposes of the CWA, "person" means "an individual, corporation, partnership [or] association." 33 U.S.C. § 1362(5).

**B.     Clean Water Act Enforcement Provisions**

19.     Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates section 301(a), 33 U.S.C. § 1311(a).

20.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates section 301(a) of the CWA, 33 U.S.C. § 1311(a).

21.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), establishes civil penalties for violations of the CWA payable to the United States of up to $25,000 per day for each violation.

22.     Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 (Pub. L. 101-410), as amended by the Debt Collection Improvement Act of 1996 (Pub. L. 104-134, Sec. 31001(s)), and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 (28 U.S.C. § 2461 note), as reflected in the Civil Monetary Penalty Inflation Adjustment Rule, 40 C.F.R. Part 19, EPA may seek civil penalties as adjusted for inflation for each violation occurring after January 12, 2009. *See* 40 C.F.R. § 19.4; *see also* 88 Fed. Reg. 89,309 (Dec. 27, 2023) (setting maximum civil penalty at $66,712 per day of violation for violations occurring after November 2, 2015, and assessed on or after December 27, 2023).

23.     Each day that dredged or fill material remains in the place where it is discharged without authorization constitutes a separate violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a).

## GENERAL ALLEGATIONS

**A.     Waters on the Site Are Waters of the United States**

24.     The Site is located at 2066 Arnold Bay Road in Panton, Vermont. For convenience, a map depicting the Site is attached to this Complaint as Exhibit A.

25.     Prior to the unauthorized discharges described in Paragraph 30, the Site contained approximately 7.4 acres of forested freshwater wetlands.

26.     Prior to the unauthorized discharges referenced in Paragraph 30, wetlands on the Site physically abutted and had a continuous surface connection with (*i.e.*, were adjacent to) an unnamed tributary ("Unnamed Tributary") of Lake Champlain. Exhibit B.

27.     The Unnamed Tributary is a relatively permanent water connected to Lake Champlain with, among other things, physical indicators of a bed and bank and an ordinary high-water mark.

28.     Lake Champlain is an international water body used in commerce, and the Lake has been designated by the Corps as a Traditional Navigable Water ("TNW"), as well as a section 10 water under the Rivers and Harbors Act of 1899. 33 U.S.C § 403.

29.     The present and former wetlands on the Site, the Unnamed Tributary, and Lake Champlain are and were at the time the alleged discharges occurred "waters of the United States" within the meaning of section 502(7) of the CWA, 33 U.S.C. § 1362(7), and regulations promulgated thereunder.

**B.     Unauthorized Discharges of Dredged and/or Fill Material**

30.     At various times relevant to this Complaint, the Defendants and/or persons acting on their behalf and at their direction cleared, stumped, grubbed, graded, and installed tile drains

6

in wetlands on the Site and the Unnamed Tributary, causing discharges of dredged and/or fill material to the jurisdictional wetlands and to the Unnamed Tributary.

31. At all times relevant to this Complaint, one or more of the Defendants conducted, contracted for, supervised and/or otherwise controlled the unauthorized discharges referenced in Paragraph 30.

32. Each of the Defendants is a "person" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

33. The Defendants are jointly and severally responsible for some or all of the unauthorized discharges referenced in Paragraph 30.

34. At various times relevant to this Complaint, one or more of the Defendants and/or persons acting on their behalf discharged dredged and/or fill material to jurisdictional wetlands and the Unnamed Tributary on the Site that are "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder, including all regulations that were in effect at the time of the Defendants' activities described herein.

35. The dredged or fill material that the Defendants and/or persons acting on their behalf caused to be discharged to waters of the United States on the Site included, among other things, dirt, spoil, rock, and/or sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

36. The Defendants and/or persons acting on their behalf used a bulldozer, excavator, tile drain trencher, and/or other earth-moving equipment to discharge dredged and/or fill material to waters of the United States on the Site. This equipment constitutes "point source[s]" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

37. The Defendants did not obtain a permit from the Secretary of the Army, acting through the Corps, for the discharges of dredged and/or fill material to waters of the United States on the Site, as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344, nor were the discharges authorized under any other provision of the CWA.

38. The Defendants have allowed pollutants to remain in waters of the United States at the Site.

39. Each day that such unauthorized dredged and/or fill material remains in place constitutes a separate violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a).

40. Unless enjoined, the Defendants are likely to continue to discharge dredged and/or fill material to, and/or to allow dredged or fill material to remain in waters of the United States at the Site in violation of CWA section 301, 33 U.S.C. § 1311.

## COUNT ONE
## UNPERMITTED DISCHARGE OF POLLUTANTS

41. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 40.

42. At various times relevant to this Complaint, one or more of the Defendants and/or persons acting on their behalf discharged dredged and/or fill material from a point source to waters of the United States on the Site without a permit or authorization under section 404 of the CWA, 33 U.S.C. § 1344.

43. The Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material to waters of the United States, including jurisdictional wetlands, at the Site.

44. As a result of their violations of the CWA as described herein, and in accordance with CWA section 309(b), 33 U.S.C. § 1319(b), the Defendants are subject to appropriate relief, including both civil penalties and a temporary or permanent injunction.

45. The CWA violations alleged herein are ongoing as of the date of the filing of this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

1. That the Defendants be permanently enjoined from discharging or causing the discharge of dredged and/or fill material or other pollutants to any waters of the United States at the Site, except in compliance with the CWA;

2. That the Defendants be enjoined to undertake measures, at the Defendants' own expense and at the direction of EPA, to effect complete restoration of the waters of the United States at the Site, and/or to conduct compensatory mitigation for environmental damage, as appropriate;

4. That the Defendants be assessed pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

5. That the United States be awarded costs and disbursements in this case; and

6. That the Court award such further and additional relief as may be just or appropriate, or necessary and appropriate in aid of its jurisdiction under 28 U.S.C. § 1651.

Dated: August 14, 2024.                    Respectfully submitted,

                                           NIKOLAS P. KEREST
                                           United States Attorney

                                    By:    */s/ Kaitlin E. Hazard*

                                           KAITLIN E. HAZARD
                                           Assistant United States Attorney
                                           United States Attorney's Office
                                           P.O. Box 570
                                           Burlington, Vermont 05402
                                           (802) 951-6725
                                           kaitlin.hazard@usdoj.gov

                                           TODD KIM
                                           Assistant Attorney General
                                           Environment & Natural Resources Division

                                           Benjamin Grillot
                                           Alexandra L. St. Romain
                                           U.S. Department of Justice
                                           Environment & Natural Resources Division
                                           Environmental Defense Section
                                           U.S. Department of Justice
                                           P.O. Box 7611
                                           Washington, DC 20044
                                           (202) 305-0303
                                           benjamin.grillot@usdoj.gov

OF COUNSEL:

LAURA BEVERIDGE
Senior Enforcement Counsel
United States Environmental Protection Agency
Office of Regional Counsel, Region I
Five Post Office Square, Suite 100
Boston, MA 02109-3912
(617) 918-1738