IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:24-cv-00897-gwc |
| VORSTEVELD FARM, LLP,<br>HANS VORSTEVELD,<br>GERARD VORSTEVELD, and<br>RUDOLPH VORSTEVELD, | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR EXTENSION OF TIME
TO FILE STIPULATED DISCOVERY SCHEDULE**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 26(a)(3), the United States of America and Defendants Vorsteveld Farm, LLP, Hans Vorsteveld, Gerard Vorsteveld, and Rudolph Vorsteveld (collectively, the "Parties") hereby request that the Court extend the deadline for the parties to submit a stipulated discovery schedule until May 15, 2025.

**BACKGROUND**

The United States filed its complaint in this action on August 14, 2024, regarding Defendants' alleged violations of the Clean Water Act. ECF No. 1. On September 20, 2024, Attorney Grillot from the United States Department of Justice entered an appearance for the government following his admission to this Court. ECF. No. 2. Defendants filed their answer to the complaint on January 17, 2025. ECF No. 12. On January 31, 2025, the Parties selected Tad Powers to serve as the Early Neutral Evaluator. ECF No. 15. On February 21, 2025, Attorney St. Romain entered an appearance for the government, substituting for Mr. Grillot, who left the

Department of Justice on March 1, 2025. ECF No. 17. On March 21, 2025, Assistant United States Attorney Hazard entered an appearance in the case, temporarily substituting for Ms. St. Romain, who left the Department of Justice on March 22, 2025. ECF No. 18. The United States Department of Justice, Environmental and Natural Resources Division has assigned a new lead trial attorney to this case, Redding C. Cates, and he has applied for admission to this Court, *In re Attorney Admission*, No. 2:25-mc-00038, ECF No. 1 (Mar. 19, 2025, D. Vt.). The Court granted him full admission, pending his taking of the oath of admission. *Id.*, ECF. No. 2, which has been scheduled on April 21, 2025, at 3:30 p.m.

## ARGUMENT

In determining whether good cause exists to extend a scheduling order, courts consider "the nature of the proposed extension, whether the party seeking it has acted diligently and in good faith, and whether the extension will cause undue prejudice to another party or will result in needless or duplicative expenditure of party or judicial resources." *Sec. & Exch. Comm'n v. McGinnis*, No. 5:14-CV-6, 2014 WL 12717668, at *2 (D. Vt. Mar. 3, 2014) (citing *Kassner v. 2nd Ave. Delicatessen, Inc.,* 496 F.3d 229, 244 (2d Cir. 2007)). To assess whether an extension to a scheduling order will result "in prejudice, courts consider the stage of the proceedings at which an extension is sought, including whether discovery has been completed, whether dispositive motions have been filed, and whether the case is otherwise ready for trial." *Russell v. Pallito,* No. 5:15-CV-126, 2020 WL 2770988, at *3 (D. Vt. Feb. 27, 2020), report and recommendation adopted, No. 5:15-CV-126, 2020 WL 2770521 (D. Vt. May 28, 2020).

Good cause exists for granting the relief requested in this motion. First, Defendants recently provided notice that the Parties have scheduled an ENE session for May 6, 2025, at 10:00 a.m. ECF No. 21. If that session is successful, the Parties may not require a discovery schedule at all. Second, the United States Department of Justice, Environmental and Natural

Resources Division acted diligently in assigning new counsel and seeking his admission to this Court.. Third, Mr. Cates requires time to review the case materials before negotiating a discovery schedule, and the agreed upon extension of time should permit adequate time for him to do so. Finally, Counsel for Defendants will be out of the office from April 9th through 19th. Discovery in this case has not yet begun, and no trial date has been scheduled. Both Parties represent that this extension will not prejudice their interests in this matter. By granting the relief requested in this motion, the Court may conserve resources by allowing the Parties to focus their efforts and resources on resolving this matter without active or contested litigation through the ENE process, which may obviate the need for a discovery schedule at all. Therefore, good cause exists to extend the deadline for the parties to file a discovery schedule and for the Court to issue a scheduling order until shortly after the government's counsel has been admitted to this Court and the Parties have held their ENE session, on May 15, 2025.

## CONCLUSION

For the foregoing reasons, the Court grant the Parties' joint motion and extend the deadline for the Parties to file a stipulated discovery schedule, until May 15, 2025.

Dated at Burlington, in the District of Vermont, April 2, 2025.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        MICHAEL P. DRESCHER
        Acting United States Attorney

By:   /s/ Kaitlin E. Hazard _____
        Kaitlin E. Hazard
        Assistant U.S. Attorney
        P.O. Box 570
        Burlington, VT 05402-0570
        (802) 951-6725
        Kaitlin.Hazaard@usdoj.gov

*/s/ Claudine C. Safar*_____
Claudine C. Safar, Esq
Monaghan Safar PLLC
27 Main Street Burlington, VT 05401
(802) 660-4735
csafar@msvtlaw.com
Attorney for Defendants Vorsteveld Farm, LLP, Hans Vorsteveld, Gerard Vorsteveld, and Rudolph Vorsteveld
