IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:24-cv-00897-gwc |
| | ) | |
| VORSTEVELD FARM, LLP, | ) | |
| HANS VORSTEVELD, | ) | |
| GERARD VORSTEVELD, and | ) | |
| RUDOLPH VORSTEVELD, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR SECOND EXTENSION OF TIME TO FILE STIPULATED DISCOVERY SCHEDULE**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 26(a)(3), the United States of America hereby moves the Court to extend the deadline for the parties to submit a stipulated discovery schedule for 45 days until June 30, 2025. Counsel for the Defendants informed the United States that the Defendants do not oppose the relief requested in this motion.

**BACKGROUND**

The United States filed its complaint in this case on August 14, 2024, regarding Defendants' alleged violations of the Clean Water Act. ECF No. 1. On September 20, 2024, Attorney Grillot from the United States Department of Justice entered an appearance for the government following his admission to this Court. ECF. No. 2. Defendants filed their answer to the complaint on January 17, 2025. ECF No. 12. On January 31, 2025, the parties selected Tad Powers to serve as the Early Neutral Evaluator. ECF No. 15. On February 21, 2025, Attorney

St. Romain entered an appearance for the government, substituting for Mr. Grillot, who left the Department of Justice on March 1, 2025.  ECF No. 17.  On March 21, Assistant United States Attorney Hazard entered an appearance in the case, substituting for Ms. St. Romain, who left the Department of Justice on March 22, 2025.  ECF No. 18.  On April 2, the parties moved this Court to extend the deadline to file the stipulated discovery schedule until May 15, 2025.  ECF No. 22.  This Court granted the parties' motion in an order issued on April 4, 2025.  ECF No. 23.  On April 29, 2025, Attorney Redding Cofer Cates from the United States Department of Justice entered an appearance for the government following his admission to this Court, substituting for Ms. Hazard.

## ARGUMENT

In determining whether good cause exists to extend a scheduling order, courts consider "the nature of the proposed extension, whether the party seeking it has acted diligently and in good faith, and whether the extension will cause undue prejudice to another party or will result in needless or duplicative expenditure of party or judicial resources." *Sec. & Exch. Comm'n v. McGinnis*, No. 5:14-CV-6, 2014 WL 12717668, at *2 (D. Vt. Mar. 3, 2014) (citing *Kassner v. 2nd Ave. Delicatessen, Inc.,* 496 F.3d 229, 244 (2d Cir. 2007)).  To assess whether an extension to a scheduling order will result "in prejudice, courts consider the stage of the proceedings at which an extension is sought, including whether discovery has been completed, whether dispositive motions have been filed, and whether the case is otherwise ready for trial." *Russell v. Pallito,* No. 5:15-CV-126, 2020 WL 2770988, at *3 (D. Vt. Feb. 27, 2020), report and recommendation adopted, No. 5:15-CV-126, 2020 WL 2770521 (D. Vt. May 28, 2020).  In this case, the United States is not requesting that a deadline in a previously entered discovery order be extended.  Rather, we seek only an extension of the current deadline for the parties to submit a proposed discovery schedule.

Good cause exists for granting the relief requested in this motion. On January 20, 2025, Donald J. Trump was inaugurated as President of the United States. The new administration has identified new leadership within the Environmental Protection Agency and Department of Justice, and those individuals require additional time to be briefed on the relevant facts of the case to make an informed decision as to the best manner to proceed in this case.[1] Counsel for the Plaintiff has worked diligently since his assignment to this case and entering an appearance on April 29 to brief management at EPA and the Department of Justice. The United States will continue to work diligently to decide on how it wishes to proceed in this case. Discovery in this case has not yet begun, and no trial date has been scheduled. By granting the relief requested in this motion, the Court and the parties may conserve resources. Therefore, good cause exists to extend the deadline for the parties to file a discovery schedule until June 30, 2025.

Defendants' counsel has been contacted about the relief requested in this motion and defense counsel and has indicated that the Defendants will not oppose the relief requested in this motion.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's motion and extend the deadline for the Parties to file a stipulated discovery schedule for 45 days, until June 30, 2025.

Dated: May 14, 2025.            Respectfully submitted,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

ROBERT N. STANDER
Deputy Assistant Attorney General

*/s/ Redding Cofer Cates*
REDDING COFER CATES

---

[1] Concurrent with this motion, the parties intend to reschedule their ENE session until July 15, 2025, or some time shortly thereafter.

        Attorney
        Environment and Natural Resources Division
        U.S. Department of Justice
        Post Office Box 7611
        Washington, D.C. 20044
        (202) 514-2617
        redding.cates@usdoj.gov
        *Attorneys for Plaintiff United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2025, I filed the foregoing PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE STIPULATED DISCOVERY SCHEDULE on all counsel of record via the Court's CM/ECF system.